UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BALIJEWEL, INC.,<br><br>                Plaintiff,<br><br>JOHN HARDY LIMITED,<br><br>                Defendant,<br><br>  and<br><br>JOHN HARDY LIMITED<br><br>                Counterclaim-plaintiff,<br><br>    v.<br><br>BALIJEWEL, INC.,<br><br>                Counterclaim-defendant,<br><br>  and<br><br>CHRISTINA TOBIN and KETUT<br>DENI AYASA<br><br>                Third Party Defendants. | Case No. 07 CR 3819<br><br>Judge Joan B. Gottschall<br><br>Magistrate Judge Nan R. Nolan |

## MEMORANDUM OPINION AND ORDER

Plaintiff and counterclaim defendant BaliJewel, Inc. ("BaliJewel") has filed an amended complaint against defendant and counterclaim plaintiff John Hardy Limited ("John Hardy") seeking a declaratory judgment that it has not infringed John Hardy's copyright in violation of 28 U.S.C. § 1338 and § 2201 (Count I); alleging malicious interference with business relations in violation of Section 43(a) of the Lanham Act, 15

U.S.C. §1125(a) (Count II); and Illinois common law tortious interference with business relationships (Count III).

Presently before the court is John Hardy's motion to dismiss Counts II and III of BaliJewel's amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). John Hardy also seeks sanctions against BaliJewel and its counsel under 28 U.S.C. § 1927. For the reasons set forth below, John Hardy's motion to dismiss Counts II and III of BaliJewel's complaint is granted and its motion for sanctions pursuant to 28 U.S.C. § 1927 is denied.

**I. BACKGROUND**

BaliJewel and John Hardy are both manufacturers and distributors of jewelry inspired by Indonesian folk arts. In early 2007, BaliJewel marketed its jewelry via a website, http://balijewel.com, maintained by WA Digital ("WA Digital"), an Indonesian internet service provider ("ISP"). On May 21, 2007, John Hardy's Indonesian counsel, Dyah Ersita & Partners ("Ersita"), contacted WA Digital and informed it that BaliJewel's website was being employed to engage in acts of infringement of John Hardy's various copyrights under Indonesian law. The website was consequently taken down on May 24, 2007. WA Digital objected to Ersita's claims of infringement, whereupon Ersita replied, repeating its allegation that the content of the website in question infringed John Hardy's copyrights.

In the interim, BaliJewel set up a website for its products via a new ISP, Bluehost Inc. of Orem, Utah ("Bluehost"). On May 28, 2007, Bluehost likewise received an email from Ersita, asserting that the contents of Bluehost's BaliJewel website infringed Hardy's copyrights; the BaliJewel website was subsequently removed. BaliJewel then informed

Bluehost that its jewelry did not infringe Hardy's or any other party's copyright and the BaliJewel website was subsequently restored. However, on June 2, 2007, Bluehost received an email and letter from John Hardy's New York counsel, Fross Zelnick Lehrman & Zissu, P.C., repeating the allegations of copyright infringement. Specifically, the letter alleged:

> The <balijewel.com> website, which we understand is owned by BaliJewel, Inc. ("Balijewel"), is advertising and selling "knock-off" jewelry that infringes our client's registered copyrights. A chart showing the relevant BaliJewel products, the John Hardy products they copy, and the U.S. registration number for each such John Hardy product, is attached hereto …."

Amended Compl. Ex D.

BaliJewel reiterated its assurances that its products did not infringe, and Bluehost continues to host the website. BaliJewel then filed the instant suit.

## II. ANALYSIS

To survive a motion to dismiss under 12(b)(6), "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Equal Employment Opportunity Comm'n v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting Fed. R. Civ. P. 8(a)(2)). The complaint "must describe the claim in sufficient detail to give the defendant 'fair notice of what the … claim is and the grounds upon which it rests' … [and] its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Concentra*, 496 F.3d at 776 (quoting *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 1964, 1973 n.14 (2007)).

The gravamen of BaliJewel's amended Counts II and III is that the letters sent to WA Digital and to Bluehost, warning them of potential copyright infringement by the

BaliJewel products advertised on their respective websites, constitute tortious interference with BaliJewel's business relationships with both ISPs. Count II alleges malicious interference in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), which states, in relevant part:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. §1125(a).

Nowhere in Count II, or in any of the underlying facts alleged in the amended complaint, does BaliJewel allege that John Hardy "used in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact" that was likely to cause confusion or deceive John Hardy's goods with BaliJewel's, as forbidden under § 1125(a)(1). Therefore, BaliJewel cannot successfully state a claim under that subsection.

Nor do the letters from John Hardy to the ISPs, which BaliJewel alleges falsely accuses it of copyright infringement, constitute "commercial advertising or promotion" misrepresenting the nature, characteristics, qualities, or geographic origin of John Hardy's jewelry products, as proscribed under § 1125(a)(2). The Lanham Act does not

require allegedly false statements to reach the consuming public before they are actionable; however, the Act requires that such statements be made in "commercial advertising or promotion." *Am. Needle & Novelty, Inc. v. Drew Pearson Mktg., Inc.*, 820 F. Supp. 1072, 1077 (N.D. Ill. 1993). The term "commercial," as used in § 1125(a)(2), refers to the business purpose for which the advertising or promotion is used. *Id.* (citing *Nat'l Artists Mgm.t Co. v. Weaving*, 769 F. Supp. 1224, 1232 (S.D.N.Y. 1991). Although, neither "advertising" nor "promotion" are defined within the Lanham Act, nothing in the Act suggests that "advertisement" and "promotion" should be given any interpretation other than their plain and ordinary meanings, which include the notion of public dissemination of information. *Am. Needle*, 820 F. Supp. at 1077; *see also Marcyan v. Nissen Corp.*, 578 F. Supp. 485, 507 (N.D. Ind. 1982) (plaintiff made no showing that statement forming the basis of the complaint "was ever made available to the general purchasing public or in sufficient quantities to constitute an advertisement").

It is undisputed that the letters from John Henry's various attorneys to WA Digital and Bluehost were isolated, individualized letters, mailed to the ISPs and not disseminated to the public. "To permit a single private correspondence to constitute either ['advertising' or 'promotion'] for purposes of § 1125(a)(2) liability would render their use superfluous and would sweep within the ambit of the Act any disparaging comment made in the context of a commercial transaction. *Am. Needle,* 820 F. Supp. at 1078. The plain meaning of § 1125(a)(2) does not permit such an interpretation. *Id.* Although § 43(a)(2) is intended to reach commercial defamation claims, by its terms it requires more than individualized private letters, allegedly containing false accusations of

copyright infringement, delivered to a single entity. *Id.* BaliJewel's claim that the letters violate § 42(a) of the Lanham Act consequently fails.

BaliJewel, however, attempts to extrapolate from the plain language of the statute and conjure a federal common law cause of action for tortious interference with business relations. Notwithstanding that there is nothing within the plain language of the statute to support such a notion, there is also no precedent to suggest that such a federal common law cause of action exists.

BaliJewel relies upon *Art Line, Inc. v. Universal Design Collections, Inc.*, 966 F. Supp. 737 (N.D. Ill. 1997), to support its contention that Section 43(a) of the Lanham Act provides for such a common law cause of action. However, the very language of *Art Line* fatally undermines BaliJewel's argument. According to the court in *Art Line*: "It has long been the law in this circuit that an intellectual property right 'holder has the right to defend himself against infringement and to warn purchasers from the alleged infringer that they, too, might be liable to him' through the sending of infringement letters." *Id.* at 743. (citing *Spangler Candy Co. v. Crystal Pure Candy Co.*, 235 F. Supp. 18, 32 (N.D. Ill. 1964), *aff'd*, 353 F.2d 641 (7th Cir. 1965)); *Chromium Indus., Inc. v. Mirror Polishing & Plating Co. Inc.*, 448 F. Supp. 544, 558 (N.D. Ill. 1978) (dealing with infringement letters in patent case); *see also Airtex Corp. v. Shelley Radiant Ceiling Co.*, 400 F. Supp. 170, 177 (N.D. Ill. 1975)). However, a copyright owner may not send infringement letters which (a) contain false statements or (b) are issued in bad faith. *Spangler Candy Co.*, 235 F. Supp. at 32.

In *Art Line*, as in the case at bar, the letter in question was from one party to another, alleging copyright infringement. 966 F. Supp. at 744. Furthermore, the only

6

allegedly false statement contained in the letter was the accusation of infringement by the copyright holder. *Id.* The *Art Line* court, however, found that such an accusation of infringement represented only the accuser's conclusion and belief that the copyrights were being infringed, rather than constituting a factual misrepresentation. *Id.* Likewise, in the instant case, BaliJewel provides no support whatever for its accusation that the letters were sent in bad faith other than the conclusory allegations that the accusations of copyright infringement contained in the letters to the ISPs were fraudulent.

Moreover, BaliJewel is disingenuous, to the point of outright misrepresentation, when it further cites *Pickens-Kane Moving and Storage Co. v. International Brotherhood of Teamsters, Local Union 705* in support of its contention that there is a federal common law cause of action for tortious interference with business relations. No. 98 C 4683, 1999 WL 89649, at *1 (N.D. Ill. Feb 12, 1999). According to the court in *Pickens-Kane*: "An action for tortious interference with a labor contract may be brought under the federal common law." 1999 WL 89649, at *3 (citing *Wilkes-Barre Publishing Co. v. Newspaper Guild of Wilkes-Barre, Local 120*, 647 F.3d 372, 381 (3rd Cir. 1981)). In its response brief, BaliJewel conveniently deletes the words "with a labor contract" with an ellipsis; however, it is precisely those words that define the ambit of such a cause of action. According to the *Pickens-Kane* court, federal common law claims for tortious interference with a labor contract are based upon the special nature of labor contracts because, "due to federal regulation of labor law, a labor contract 'has its being in and draws its vitality from the federal common law of labor contracts.'" 1999 WL 89649, at *3 (quoting *Wilkes-Barre*, 647 F.3d at 381). However, the court in *Pickens-Kane* found that the claim of alleged tortious interference in the case before it was based, not in the

federal common law of labor contracts, but rather in the state common law of contracts, and it refused to expand the federal common law to recognize such a cause of action under federal common law. *Pickens-Kane,* 1999 WL 89649, at *3.

BaliJewel cites no authority to support its argument that there exists a federal common law cause of action for tortious interference with business relations outside of the specialized realm of labor contracts. The *Pickens-Kane* court abstained from expanding the federal common law to embrace causes of action for tortious interference outside of the realm of labor contract disputes, and this court likewise declines to do so. BaliJewel has therefore failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) under either § 43(a) of the Lanham Act or under federal common law. John Hardy's motion to dismiss Count II is consequently granted.

For similar reasons, John Hardy's motion to dismiss Count III must also be granted. To successfully state a claim under Illinois common law for tortious interference with business relations, BaliJewel must allege: (1) the existence of a valid and enforceable contract between BaliJewel and the ISPs; (2) John Hardy's awareness of this contractual relation; (3) John Hardy's intentional and unjustified inducement of a breach of the contract; and (4) damages resulting from John Hardy's interference. *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 676 (Ill. 1989). BaliJewel's Count III fails on the third element. As described above, John Henry's "right to defend itself against infringement … through the sending of infringement letters" is well established. *Art Line,* 966 F. Supp. at 743. Once again, John Hardy's letter is not a material misrepresentation of fact. Rather it is a statement based upon John Hardy's

belief and conclusion that the materials displayed upon the ISP's websites violated John Hardy's assorted copyrights. John Hardy's good faith belief in its copyright interest is sufficient to establish privilege. *Am. Broad. Co. v. Maljack Prods., Inc.*, 34 F. Supp. 2d 665, 675 (N.D. Ill. 1998). Because John Hardy's conduct in protecting its copyright interest is privileged, BaliJewel has the burden under Illinois law of proving that John Hardy's conduct was unjustified or malicious. *Id.* (citing *HPI*, 545 N.E.2d at 677).

BaliJewel's only support for meeting its burden is its conclusory allegation that the contents of the letters were false and malicious. That is insufficient to meet BaliJewel's burden of overcoming John Hardy's privilege. *Id.* at 677 ("cease and desist" letters that were consistent with an effort to protect a claimed copyright were insufficient to support a claim of bad faith). The letters to the ISPs are not, therefore, an intentional and unjustified inducement to breach their contract with BaliJewel, but rather a legitimate notice to the ISPs that they were potentially liable in a suit for copyright infringement. *Art Line,* 966 F. Supp. at 743; *see also Thermos Co. v. Igloo Prods. Corp.*, No. 93 C 5826, 1995 WL 745832, at *5 (N.D. Ill. 1995) ("[I]t is well established in this circuit that trademark holder has right to defend against infringement by sending trademark policing letters"). BaliJewel's Count III alleging Illinois common law tortious interference with business relations is consequently dismissed. Since the court grants John Hardy's motion to dismiss Count III pursuant to Rule 12(b)(6), it need not address John Hardy's argument that it should also be dismissed pursuant to Rule 12(b)(1).

Finally, John Henry has moved for sanctions against BaliJewel pursuant to 28 U.S.C. § 1927. According to the statute:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings

> in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. According to John Hardy, Counts II and III represent a mere repackaging of Counts II and III of BaliJewel's initial complaint, and therefore represent a needlessly duplicative filing meriting sanctions. *See Jolly Group, Ltd. v. Medline Industries, Inc.,* 435 F.3d 717, 720 (7th Cir. 2006). Counts II and III of the original complaint alleged: (1) tortious interference with business relationships under "Illinois and federal common law" ("original Count II"); and (2) unfair competition by intimidation under Illinois and federal common law" ("original Count III").

BaliJewel has thus attempted to recast its tortious interference with business relationships claim in the original Count II into a claim for tortious interference under federal law, both under the § 43(a) of the Lanham Act and federal common law, both of which efforts failed. With respect to Count III, BaliJewel has dropped its unfair competition by intimidation claim and substituted a state common law tortious interference claim. That subsequent claim also failed.

It is arguable that, in so amending its claims, BaliJewel was merely attempting to pour old wine into new wineskins. Nevertheless, the court can equally infer that BaliJewel was attempting to perfect its federal claim under the authority of the Lanham Act (albeit unsuccessfully) in its amended Count II and that it substituted one state common law claim for another in Count III (although equally unsuccessfully).

The imposition of sanctions under § 1927 is within the sound discretion of the court. *U.S. Bank Nat'l Ass'n, N.D. v. Sullivan-Moore*, 406 F.3d 465, 469 (7th Cir. 2005). The Seventh Circuit has explained that a court has discretion to impose § 1927 sanctions

when an attorney has: (1) acted in an objectively unreasonable manner by engaging in serious and studied disregard for the orderly process of justice; (2) pursued a claim that is without a plausible legal or factual basis and lacking in justification; or (3) pursue[d] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound. *Jolly Group,* 435 F.3d at 720. The Seventh Circuit has also interpreted § 1927 "to impose a continuing duty upon attorneys to dismiss claims that are no longer viable." *Dahnke v. Teamsters Local 695*, 906 F.2d 1192, 1201 n.6 (7th Cir. 1990).

In the instant case, the filing of BaliJewel's amended complaint is an attempt to perfect the claims put forth in the initial complaint. Although these amended Counts II and III also fail, the court finds that counsel's attempts to perfect them do not yet rise to the level of an unreasonable and vexatious multiplication of the proceedings. It is a fine line between zealous and unreasonable and the court does not find that counsel for BaliJewel has yet crossed that line.

### III. Conclusion

For the reasons set forth above, John Hardy's motion to dismiss Counts II and III of BaliJewel's amended complaint is granted. John Hardy's motion for sanctions pursuant to 28 U.S.C. § 1927 is denied.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: September 24, 2008

11